UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAZLEY,

    Plaintiff,

  v.

SCOTT R. JONES, et al.,

    Defendants.

No. 2:15-cv-1436 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

    I.    <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

////

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
2  ed. 2004)).

3  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
5  Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint
8  under this standard, the court must accept as true the allegations of the complaint in question,
9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
10 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

    III.   Complaint

    Plaintiff alleges that defendants Jones and Padilla violated his Eighth Amendment rights
by denying him treatment for Hepatitis C even though he met the criteria for treatment. ECF No.
1. Plaintiff alleges that as the county sheriff, defendant Jones is the "absolute authority to provide
plaintiff treatment." Id. at 4. As the medical director, defendant Padilla was responsible for
deciding whether plaintiff would receive treatment. Id. at 4, 7. Plaintiff further alleges that the
facility commander has failed to respond to his grievances. Id. at 4.

    IV.    Eighth Amendment – Deliberate Indifference
        A.    Legal Standard

    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,
1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires
plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's
condition could result in further significant injury or the unnecessary and wanton infliction of
pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting
McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations
////

3

marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "'knows of and disregards an *excessive risk* to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Prison officials are deliberately indifferent to a prisoner's serious medical needs if they deny, delay, or intentionally interfere with medical treatment. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

B.   Failure to State a Claim

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal

4

1  participation if the official implemented "a policy so deficient that the policy itself is a
2  repudiation of the constitutional rights and is the moving force of the constitutional violation."
3  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations
4  marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

5        Plaintiff's allegations against defendant Jones are based solely on his position as county
6  sheriff.  There are no facts to indicate that Jones was aware of plaintiff's request to be treated for
7  Hepatits C or that he was involved in the denial of the request.  Though plaintiff does allege that
8  the facility commander ignored his grievances, it is not clear from the complaint whether the
9  facility commander was Jones or some other individual under Jones' supervision.  To the extent
10 plaintiff's allegations that his grievances were ignored are an attempt to establish that defendant
11 Jones created a policy or practice of ignoring requests for Hepatitis C treatment or medical care
12 generally, plaintiff has not alleged sufficient facts to demonstrate that such a policy existed and
13 was either implemented by defendant Jones or that Jones knew about the practice and did nothing
14 to stop it.  Because plaintiff has not alleged sufficient involvement by defendant Jones, the claims
15 against him will be dismissed.  However, because plaintiff may be able to allege sufficient facts
16 to state a claim, he will be given the option to amend the complaint.

17       C.    Claim for Which a Response Will Be Required

18       Plaintiff alleges that as medical director, defendant Padilla was responsible for approving
19 or denying requests for Hepatitis C treatment.  He further alleges that his request was referred to
20 defendant Padilla for review, and was denied even though he met the criteria for treatment.
21 Plaintiff's allegations against defendant Padilla are sufficient to state a claim and defendant
22 Padilla will be required to respond to the complaint.

23     V.    Leave to Amend

24       For the reasons set forth above, the court finds that the complaint does not state a
25 cognizable claim against defendant Jones.  However, it appears that plaintiff may be able to allege
26 facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

27       Plaintiff may proceed forthwith to serve defendant Padilla on his claim that Padilla denied
28 him treatment for Hepatits C or he may delay serving Padilla and amend the complaint to attempt

5

to state a cognizable claim against defendant Jones.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claim against defendant Padilla without amending the complaint, the court will send him the necessary forms for service of the complaint and the claim against defendant Jones will remain dismissed without prejudice.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Summary

Plaintiff's request to proceed in forma pauperis is granted.

Some of the allegations in the complaint state claims against the defendants and some do not. Plaintiff's allegation that defendant Padilla violated his Eighth Amendment rights by

6

1 denying his request for Hepatitis C treatment even though he qualified to receive the treatment
2 states a claim.  Defendant Padilla will be required to respond to this allegation.

3     Plaintiff's claim that defendant Jones is liable for denying the request for Hepatitis C
4 treatment because he was the county sheriff and ultimate authority fails to state a claim because
5 plaintiff has not explained how defendant Jones was involved in the denial of the treatment.
6 Defendant Jones is not liable just because he was sheriff and this claim will be dismissed with
7 leave to amend.  If plaintiff wants to state a claim against defendant Jones, he will have to explain
8 how Jones was involved in the denial of his request or allege facts that show Jones either created
9 or ignored a policy or practice of denying valid requests for Hepatitis C treatment.

10     If plaintiff wants, he can either (1) proceed immediately on his claim against defendant
11 Padilla or (2) try to amend the complaint to state a claim against defendant Jones.  If plaintiff
12 wants to go forward without amending the complaint, his claim against defendant Jones will
13 remain dismissed without prejudice.  If plaintiff chooses to amend his complaint, the first
14 amended complaint must include all of the claims plaintiff wants to make, including the ones that
15 have already been found to state a claim, because the court will not look at the claims or
16 information in the original complaint.  In other words, any claims not in the first amended
17 complaint will not be considered.  Plaintiff must complete the attached notification showing what
18 he wants to do and return it to the court.  Once the court receives the notice, it will issue an order
19 telling plaintiff what he needs to do next (i.e. file an amended complaint or complete and return
20 service paperwork).

21     In accordance with the above, IT IS HEREBY ORDERED that:

22     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

23     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
24 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
25 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
26 Director of the California Department of Corrections and Rehabilitation filed concurrently
27 herewith.

28     3. Plaintiff's claim against defendant Jones is dismissed with leave to amend.

1        4. Plaintiff has the option to proceed immediately on his Eighth Amendment claim
against defendant Padilla as set forth in Section IV.C. above, or to amend the complaint.

         5. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: April 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAZLEY,<br><br>             Plaintiff,<br><br>       v.<br><br>SCOTT R. JONES, et al.,<br><br>             Defendants. | No.  2:15-cv-1436 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Padilla without amending the complaint.  Plaintiff understands that going forward without amending the complaint means that his claim against defendant Jones will remain dismissed without prejudice.

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

                                                                        MICHAEL BAZLEY
                                                                        Plaintiff pro se

1