UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAZLEY, | No. 2:15-cv-1436 AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT R. JONES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 13.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff argues that he has established that he is likely to succeed on the merits because his complaint has survived screening. ECF No. 13 at 2. However, in screening the complaint, the court found only that plaintiff has stated a cognizable claim. ECF No. 8. It made no determination regarding plaintiff's likelihood of success on the merits. Id. At this early stage of the case, the court is unable to assess plaintiff's likelihood of success on his claims. As for the second prong of the test, plaintiff has thus far successfully managed to articulate his claims, given his demonstrated ability to allege facts that the court recognized as stating a claim. For these reasons, the court does not find the required exceptional circumstances exist at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 13) is denied without prejudice.

DATED: May 20, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2